SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2980 PA (JEMx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Orthopedic Specialists of Southern California, et al. v. Aetna Life Insurance Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | | | |
| Deputy Clerk | | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**   ORDER TO SHOW CAUSE

    Before the Court is a First Amended Complaint ("FAC") filed by plaintiffs Orthopedic Specialists of Southern California, Integrated Surgery Center Number 101, San Diego Advanced Orthopedic Center, and Inland Valley Surgery Center (collectively "Plaintiffs").  Plaintiffs, as assignees, have sued defendant Aetna Life Insurance Company ("Defendant") under various state law causes of action and the Employee Retirement Insurance Security Act of 1974 ("ERISA") seeking reimbursement and other damages related to the denial of benefits under various insurance plans.

    Plaintiffs, seemingly unrelated surgery centers located throughout Southern California, bring suit on an undisclosed number of "policies or certificates of insurance issued and underwritten by defendant Aetna[.]" (FAC ¶ 11.)  Plaintiffs describe these insurance plans – which they baldly allege are covered by ERISA – in only the barest of detail.  They do not name the plans, cite with any specificity any of their provisions or exclusions, or state how many plans, denied claims, or covered patients are at issue.  Plaintiffs further allege that they "obtain[ed] prior authorization, pre-certification and consent [from] [Defendant] to perform surgery or orthopedic procedures upon each Patient" and that Defendant ensured Plaintiffs that no exclusions would apply and that reimbursement for services rendered would be available under the plans.  (Id. ¶¶ 15-16.)

    The only basis for Plaintiffs prosecuting this action jointly appears to be the identity of the Defendant.  There are no allegations that the representations were made to all of the plaintiffs at the same time, or that the plans or claim denials are somehow so similar as to warrant joint prosecution.

    Federal Rule of Civil Procedure 20(a)(1) governs joinder of plaintiffs.  It provides:

    Persons may join in one action as plaintiffs if:

        (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2980 PA (JEMx) | Date | December 2, 2011 |
|---|---|---|---|
| Title | Orthopedic Specialists of Southern California, et al. v. Aetna Life Insurance Company, et al. | | |

          transaction, occurrence, or series of transactions or occurrences; and

          (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

     Based on the factual allegations in the Complaint, it does not appear that Plaintiffs' claims against Aetna arise out of the same transaction or occurrence. The Court therefore orders Plaintiffs to show cause in writing, no later than December 9, 2011, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

     In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Defendant, with new complaints and filing fees.

     IT IS SO ORDERED.